Saul Alfonso Plateros BANDA;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–73575.

Agency Nos. A75–733–198, A78–
111–937, A78–111–939.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Saul Alfonso Plateros Banda, Colton, CA, pro se.

Estafania Plateros Lopez, Colton, CA, pro se.

Saul Alfonso Plateros Lopez, Colton, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Saul Alfonso Plateros Banda and his children, Saul Alfonso Plateros Lopez and Estafania Plateros Lopez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decision affirming without opinion an immigration judge's ("IJ") denial of their application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo both legal determinations regarding an alien's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002), and constitutional claims. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Petitioners' contention that the required showing of "exceptional and extremely un-usual hardship" to a qualifying relative violates the equal protection clause because aliens applying for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 must only show "extreme hardship" is foreclosed by this court's decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens stems from a rational diplomatic decision to encourage such aliens to remain in the United States") (citation omitted). As Petitioners admitted that they did not have a qualifying relative, the IJ did not err in denying their application for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D); *Montero–Martinez*, 277 F.3d at 1145.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

